GAUGHRAN v. ONE HUNDRED AND FIFTY—ONE TONS OF COAL. See Case No. 10,520.

## Case No. 5,274.

GAULT et al. v. McMILLAN et al.

[3 McLean, 20.] [1]

Circuit Court, D. Ohio. July Term, 1842.

PUBLIC LANDS — SURVEY AFTER WITHDRAWAL OF ENTRY—LOCATION BY ANOTHER WARRANT.

1. A survey after the entry is withdrawn, does not, under the act of congress of March 2, 1807. [2 Stat. 424], prevent the location of the land surveyed, by another warrant.

2. That act refers to a subsisting survey, which must be founded on an entry. though the survey may not have been made conformably to entry.

3. A survey made without an entry is of no validity, nor is the survey valid, after the withdrawal of the entry.

4. The withdrawal of an entry by a person wholly unauthorized to do so, does not affect the rights of the persons claiming under the entry.

5. But if the act of withdrawal be unauthorised, any subsequent sanction of it makes the act valid.

6. Claiming the land, and exercising acts of ownership over it, which has been located by the withdrawn warrant, is such an act.

At law.

Mr. Scott and Mr. Green, for plaintiffs.

Mr. Wright and Mr. Thurman, for defendants.

OPINION OF THE COURT. This is an ejectment to recover possession of two thousand acres of land, in the Virginia military tract, in Ohio. The plaintiffs claim under a patent dated the 15th of May, 1840. The patent under which the defendants claim, bears date the 11th April, 1815. The entry of the plaintiffs was made the 17th August, 1787, and was surveyed the 24th August, 1797. That of the defendants was made in 1812. As the defendants claim under the elder patent, they must succeed, unless their patent shall be invalidated. The plaintiffs insist, that the patent of the defendants is void, under the act of 1807, as it covers land which had been surveyed under their prior entry. The 1st section of the act of the 2d of March, 1807 [supra], provides "that no locations, in the above tract, shall, after the passing of this act, be made on tracts of land for which patents had been previously issued, or which had been previously surveyed; and any patent which may, nevertheless, be obtained for land located contrary to the provisions of this section, shall be considered as null and void." Now as the plaintiffs' survey was made long before the entry of the defendants, it follows that the defendants' patent is void, under the above act, unless it shall be shown that the plaintiffs' survey was not a subsisting one, at the time of the adverse entry; and the defendants insist, that the plaintiffs' survey was abandoned by a withdrawal of the entry. It seems the plaintiffs' entry of nineteen hundred acres was withdrawn the 22d November, 1804, and re-entered on the same day on the same land; and afterwards the entry for two thousand acres was withdrawn, and entered on a different tract. The land covered at first by this entry, is the land subsequently located by the defendants, and which gives rise to the present controversy. The act of 1807 must have meant a subsisting survey, and not one made without an entry, or after the withdrawal of an entry. A survey in either of these predicaments is, in every sense, inoperative. A survey without an entry to support it is void, and so is a survey which has been abandoned by the withdrawal of the entry. And this case must turn upon the act of withdrawal. If that act were done by a person wholly unauthorised, the withdrawal should not prejudice the rights of the plaintiffs. unless by subsequent acts they sanctioned it. Now there is no satisfactory proof as to the power of the person making the withdrawal. He was authorised to act in the premises by the

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

attorney of all the heirs of Gault except one; but in this power there was no authority of substitution. But this point is of less importance, as it appears that the land located by the withdrawn warrant has been claimed by the plaintiffs, and they have exercised acts of ownership over it. This is conclusive against their right to the land in controversy. They cannot claim under both entries. By claiming under the new entry, they not only indirectly sanction the act of withdrawal, but they show a determination to follow the warrant under the new entry. It is said this was done by the heirs, under an ignorance of their rights. But the facts were known to their agent, who, in making the withdrawal, it is admitted, acted bona fide, and with a desire to promote their interests. This being the case, the sanction given to his acts subsequently, by claiming the land, paying taxes for it, &c., goes to conclude the plaintiffs from the claim now made.

On this instruction, the jury found the defendants not guilty. Judgment.